## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-23481-BLOOM/Elfenbein

LATANYA BLEVINS,

     Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

     Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant's ("Equifax") Motion for Judgment on the Pleadings ("Motion"), ECF No. [13]. The Plaintiff ("Blevins") filed a Response in Opposition ("Response"), ECF No. [14]. Equifax filed a Reply in Support ("Reply"), ECF No. [17]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Equifax's Motion is denied.

## I. BACKGROUND

On or about April 17, 2025, Blevins requested a copy of her credit report from Equifax. ECF No. [1-1] ¶ 8. Equifax provided an electronic copy of Blevins' Consumer Credit Disclosure ("the Disclosure"). *Id*. ¶ 10. The Disclosure "reported two accounts in [Blevins'] consumer file categorized as 'other'". *Id*. ¶ 12. Accounts labeled as "other" are accounts not categorized as "Revolving, Mortgage, or Installment accounts." *Id*. ¶ 13. The "other" accounts were reported by LVNV Funding, LLC xx2930 ("LVNV"). *Id*. ¶ 14. LVNV is a debt buyer and does not originate credit lines or loans. *Id*. ¶¶ 15, 16. Despite this, "Equifax disclosed to [Blevins] that LVNV were the original creditor of the account." *Id*. ¶ 17. Moreover, "Equifax omitted full account numbers

for the LVNV tradeline" and an additional nineteen Revolving and Installment accounts. *Id*. ¶¶ 20, 26.

In her Complaint, Blevins alleges Equifax violated 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act ("FCRA") for "failing to clearly and accurately disclose to [Blevins]. . . all of the information in her file at the time of the request." *Id*. ¶ 48. Equifax moves for judgment on the pleadings and to dismiss the Complaint for failure to state a claim, arguing Blevins failed to plead any facts that show the accounts were inaccurate. ECF No. [13] at 2.

## II.    LEGAL STANDARD

### A.  Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## III.   DISCUSSION

### A.  Count I – Violations of the Fair Credit Reporting Act

Under the FCRA, "[e]very consumer reporting agency shall, upon request. . . clearly and accurately disclose to the consumer. . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). "The term 'file', when used in connection with information on any consumer, means all the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." Id. § 1681a(g).

First, Equifax argues that Blevins fails to show an inaccuracy in reporting as is required to proceed under §§ 1681e(b) or 1681i of the FCRA. ECF No. [13] at 3-4. Blevins responds that she is not required to plead an inaccuracy under §§ 1681e(b) or 1681i to state a claim for relief under § 1681g(a)(1). ECF No. [14] at 4. The Court agrees with Blevins. § 1681g(a)(1) of the FCRA does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision itself. Rather, § 1681g(a)(1) imposes a duty on consumer reporting agencies to disclose information in a consumer's file upon request, and this obligation is distinct from claims alleging inaccurate reporting under other FCRA provisions.

Second, Equifax argues Blevins' claims do not involve information bearing on her credit worthiness and are therefore unactionable under § 1681g. ECF No. [13] at 5. Equifax avers that "file" for purposes of § 1681g refers to information in a consumer report. *Id*. Moreover, that the FRCA defines a consumer report to mean "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness…which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor

in establishing the consumer's eligibility for credit." *Id.* (citing 15 U.S.C. § 1681a(d)(1)(A)). Equifax contends that Blevins' assertions of missing account numbers and missing original creditor information have no bearing on her credit worthiness and thus, even if Blevins' factual allegations are true, Blevins does not state a claim for which relief can be granted under § 1681g(a)(1). *Id.* at 7.

Blevins responds that Equifax misconstrues the purpose of the FRCA and the scope of "file" under § 1681g. ECF No. [14] at 6. The Eleventh Circuit has recognized that "to conflate the meaning of 'consumer report' with 'file' would make the terms redundant." *Nunnally v. Equifax Info. Servs., LLC*, 451 F.3d 768, 773 (11th Cir. 2006). The definition of "consumer report" under § 1681a(d)(1)(A) and the definition of "file" under § 1681a(g) are different.

Nonetheless, Equifax points to *Gillespie v. Trans Union Corp.*, which held that "file" meant "information included in a consumer report". 482 F.3d 907, 910 (7th Cir. 2007). The court reasoned that a broader reading of "file" would render subsequent paragraphs in the statute listing other types of information that had to be revealed superfluous. *Id.* Moreover, that Federal Trade Commission commentary limited the scope of the term to material included in a consumer report, and legislative history indicated an intent to ensure that consumers received a copy of their consumer report, but not a copy of their entire file. *Id.* Ultimately, the *Gillespie* court upheld summary judgment in favor of the credit reporting agency determining that internal dates under which information will be removed from a credit report are not included in a consumer report. *Id.* Under the same analytical structure, the Third Circuit held that an OFAC alert was far more than a "mere internal record-keeping mechanism" and denied the credit reporting agency's motion for judgment as a matter of law. *Cortez v. Trans Union*, LLC, 617 F.3d 688, 712 (3d Cir. 2010) (holding that an OFAC alert is part of a consumer's file as defined in the FCRA).

Here, unlike in *Gillespie*, the omitted information reaches beyond internal record keeping. The alleged omissions include full account numbers and original creditor names. "One primary purpose of the disclosure requirements in [§] 1681g is 'to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under [§] 1681i.'" *Brown v. Equifax Info. Servs.*, LLC, No. 1:09-CV-0168-CAM-LTW, 2010 WL 11647403, at *10 (N.D. Ga. Feb. 16, 2010) (quoting *Gillespie*, 484 F.3d 938, 941 (7th Cir. 2007)). The alleged omissions hinder Blevins' ability to verify the accounts and dispute potential inaccuracies.  Moreover, as Blevins points out, "knowing the original creditor is essential to understanding the origin of a debt" and "full account numbers enable consumers to cross reference their records." ECF No. [14] at 8. The Court finds full account numbers and original creditor names to be within the scope of the term "file" under § 1681g of the FCRA.

Though Equifax argues such omissions have no bearing on Blevins' credit worthiness, the plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any exception based on credit worthiness. No doubt because the disclosure requirements, "are designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440, (2021). Equifax cites no case law to support a requirement under § 1681g that omitted information must have bearing on credit worthiness.

Finally, Equifax argues there is no federal cause of action for non-compliance with Metro-II guidelines or the Credit Reporting Resource Guide Standards, and as such, Blevins' claim should be dismissed. ECF No. [13] at 9. Blevins responds that the Complaint only cites the Metro II and Credit Reporting Resource Guide Standards "to support the factual allegation that LVNV likely reported the original creditor's name, consistent with industry standards." ECF No. [14] at 9.

Beyond the context and factual support, Blevins maintains the source of her claim is grounded in Equifax's obligation under § 1681g. *Id.* The Court agrees with Blevins. Here, Blevins sufficiently alleges under § 1681g that she (1) requested a copy of her credit report from Equifax, ECF No. [1-1] ¶ 8, and (2) Equifax failed to provide a clear and accurate disclosure of all the information in her file. *Id.* ¶ 48.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings, **ECF No. [13]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 29, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record